IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM J. PASSARELLA,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-3256 |
| | : | |
| **WARDEN LAURA WILLIAMS,** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                              **AUGUST 27, 2024**

Plaintiff William J. Passarella brings this *pro se* civil action pursuant to 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will deny Passarella leave to proceed *in forma pauperis* because he has acquired "three strikes" under 28 U.S.C. § 1915(g) and require that he pay the fees to commence this civil action if he wishes to continue with his case.

**I.      FACTUAL ALLEGATIONS**

Mr. Passarella, a prisoner currently incarcerated at the George W. Hill Correctional Facility, sued Warden Laura Williams and three correctional officers — V. Hilton, Sgt. Serody, and C.O. Walton — based on the conditions of his confinement. (Compl. at 2-3.)[1] Passarella alleges that he was subjected to cruel and unusual punishment and racism, which he describes as a "hate crime." (*Id.* at 3, 4.) The gist of his allegations is that the Defendants charged him with disciplinary infractions because they did not like his brother, with whom they previously worked.

Specifically, Mr. Passarella alleges that the events giving rise to his claims occurred on June 12, 2024. (*Id.* at 5.) On that date, shortly before 10:00 a.m., Defendant Hilton yelled

---

[1] The Court adopts the pagination provided to the Complaint by the CM/ECF docketing system.

Passarella's name, called him slurs, cursed at him, said he was "no good" like his brother, and told him that he belonged "on 10D hole." (*Id.*) Hilton also gave Passarella a "tablet." (*Id.*) Passarella alleges that he was embarrassed by this incident and that his anxiety "was really bad" because it occurred "in front of the block." (*Id.*)  He also alleges "[his] safety was in danger." (*Id.*)  Approximately half-an-hour later, Hilton asked Passarella where he put the tablet, continued to curse at him and call him names, and told Passarella that he was "going to the hole." (*Id.* at 6.)  At approximately 2:00 p.m., Passarella was moved to another unit, SMU-B-108. (*Id.*)

The Complaint suggests that Passarella was then charged with disciplinary infractions and that, as a result, his tablet was taken away from him.  He alleges that on June 21, 2024, Defendants Serody and Walton "had a hearing." (*Id.*)  Passarella tried to present evidence on his behalf but claims "no body wanted to hear my story and facts that went down." (*Id.*)  He further alleges that Serody and Walton worked with Hilton in the past and also dislike Passarella's brother. (*Id.*)  Passarella "said real loud" that he "was reclass" and "[e]ntitled to a tablet" but that Serody nevertheless found him guilty "on all charges." (*Id.*)

Serody later provided Passarella with a copy of the hearing disposition, which resulted in a sanction of "50 days lock in." (*Id.* at 7.)  Passarella appealed but had not received a response at the time he filed his Complaint, which is dated June 21, 2024, the date of the hearing. (*Id.*)  He alleges that he is depressed and seeks to hold the Defendants accountable for their actions. (*Id.*)  He also seeks damages. (*Id.* at 8.)

II.     **STANDARD**

According to 28 U.S.C. § 1915(g), a prisoner who on three or more prior occasions while incarcerated has brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time

that the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (*en banc*). Known as the "three strike rule," § 1915(g) "applies to those prisoners who are the most frequent filers of meritless civil suits and appeals in federal courts." *Parker v. Montgomery Cnty. Corr. Facility/Bus. Off. Manager*, 870 F.3d 144, 146 (3d Cir. 2017). "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).

A prisoner who has accrued three strikes may only proceed *in forma pauperis* if he was in imminent danger at the time he brings his complaint. "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). Past dangers are not imminent dangers. *Ball v. Famiglio*, 726 F.3d 448, 467 (3d Cir. 2013), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Practices that "may prove detrimental . . . over time" also "do not represent imminent dangers," as the harm is not "about to occur at any moment." *Id*. at 468 (quoting *Abdul-Akbar*, 239 F.3d at 315) (internal quotation marks omitted). Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id*.

### III. DISCUSSION

Mr. Passarella has accumulated at least three strikes for purposes of § 1915(g). First, in *Passarella v. Menapace*, Civ. A. No. 18-757, the United States District Court for the Middle District of Pennsylvania dismissed Passarella's complaint pursuant to 28 U.S.C. §

3

1915(e)(2)(B)(ii) in a September 5, 2018 order.  Second, in *Passarella v. Hegwitt*, Civ. A. No 20-3391, this Court dismissed Passarella's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) in a September 14, 2020 order.  Finally, in *Passarella v. Lewis*, Civ. A. No. 21-1716, the United States District Court for the Middle District of Pennsylvania dismissed Passarella's complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) in a November 18, 2021 order.

The dismissals in the civil actions identified above count as strikes against Passarella because each was filed while he was incarcerated, and each was dismissed in its entirety on one of the grounds listed in § 1915(g).  Accordingly, Passarella may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he brought this Complaint.  However, it is apparent that his Complaint is based on events that occurred in June of 2024, specifically, how Officer Hilton spoke to Passarella and the fact that Passarella was charged with disciplinary infractions and sentenced to time in the hole.  These allegations are based on past events and, in any event, do not establish that Passarella was in imminent danger of serious imminent injury either at the time of the events giving rise to his claims or at the time he filed his Complaint.  Accordingly, he may not proceed *in forma pauperis* in this case.

**IV.      CONCLUSION**

For the foregoing reasons, the Court will deny Passarella's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).  Should Passarella desire to proceed with his claims, he must submit $405 to the Clerk of Court within thirty (30) days.

An appropriate Order follows.

**BY THE COURT:**

/s/ Gerald Austin McHugh
_____
**GERALD A. MCHUGH, J.**
